UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RENE JOSEPH BARLETTER, SR.                    CIVIL ACTION

VERSUS                                        NUMBER: 07-0212

SHERIFF MARLIN GUSMAN                         SECTION: "C"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Rene Joseph Barletter, against defendant, Orleans Parish Criminal Sheriff Marlin Gusman.  (Rec. doc. 1).

Plaintiff, an inmate at Orleans Parish Prison ("OPP") at the time the instant suit was filed, alleged that the living conditions of a holding cell in which he was housed for a period of approximately 72 hours were filthy, containing an excessive amount of people along with excrement on the floor.

On May 18, 2007, a preliminary conference was held in the above-captioned matter, pursuant to which plaintiff acknowledged that Sheriff Gusman, his sole defendant, was not present during the 72-hour period he was housed in the above-described holding cell. Further, plaintiff admitted that he did not directly complain to

Sheriff Gusman with regard to the conditions of the holding cell.

Based upon the above, the Court, during the May 18, 2007 preliminary conference, ordered plaintiff, within 60 days, "to identify and name as a defendant any other individual(s) employed by the Sheriff who may be directly involved in the conditions about which he complains."  Further, plaintiff was ordered "to itemize for the Court, on or before June 18, 2007, the specific damages which he alleges that he sustained as a result of the experience which he underwent."  (Rec. doc. 12).  Plaintiff has failed to provide the Court with the above-specified information.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's order.  Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978); Ramsey v. Bailey, 531 F.2d 706 (5th Cir. 1976).  As plaintiff is proceeding pro se in this matter, it is apparent that this Court

must consider his actions alone in considering dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has attempted to take those steps necessary to insure that plaintiff's lawsuit was litigated to its completion. Plaintiff's failure to furnish the necessary information, as ordered by this Court during the above-referenced May 18, 2007 preliminary conference, evidences both a disinterest in prosecuting this case and a disregard for the Court's order.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)( <u>en banc</u>).

New Orleans, Louisiana, this <u>5th</u> day of <u>September</u>, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

3